FILED 7/26/2023 E.C
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>               Plaintiff,<br><br>v<br><br>First Step Trademarks, LLC and Alexander C. Dulac<br><br>               Defendants. | Case No. 1:21-cv-02961<br><br>Dist. Judge Andrea R. Wood<br><br>Mag. Judge Jeffrey T. Gilbert |

## **DEFENDANT DULAC's MOTION FOR EXTENSION OF TIME**

Dear Honorable Judge Gilbert,

I hope this letter finds Your Honor well. I am writing to request an extension of time for responding to the written discovery requests currently due one July 26, 2023.

After starting to work through the discovery request, I have unfortunately had to shift over a hundred hours of my attention to work on the case against David Oppenheimer ("Plaintiff") for deliberately violating the discharge injunction against the First Step Trademarks, LLC ("Company") as well as against Alexander Dulac ("Dulac" or "Defendant") personally (in addition to Plaintiff having willfully violated the automatic stay during the bankruptcy proceeding). To that end, today I have submitted the motion to dismiss for violation of the discharge injunction against Mr. Dulac personally, while working through how best to handle the continued and deliberate violations against the Company.

As recently as the last call with the Honorable Judge Wood on April 26, 2023 and outreach from our New York Bankruptcy counsel on April 19, 2023, Plaintiff and his counsel

Ilya Zlatkin have been requested to terminate the case and notified many times about the various violations. Plaintiff is fully aware that Mr. Dulac is doing everything possible to revive the company on behalf of creditors and, that by disregarding basic bankruptcy rules, is looking to monopolize Mr. Dulac's time away from his operational duties to force a settlement. More specifically, Mr. Dulac, as a non-lawyer, representing himself, pro-se, writing this motion, including researching the relevant case work, takes countless time and constant learning. Mr. Dulac is also working through how to defend the Company against the deliberate and sanctionable automatic stay and discharge injunction violations by the Plaintiff, as the Company does not have the money to advance for legal fees having just emerged from bankruptcy. As the sole employee, any time, Mr. Dulac works on legal matters, is time away from running the business on behalf of creditors, which is one of the principal goals of bankruptcy protection. While working through the above-mentioned legal work, Mr. Dulac is doing everything to avoid damaging the business and ensuring its survival, by having enough hours to focus on its revitalization.

With regards to Defendant's response to written discovery, Mr. Dulac formally submitted a request to the Court for an initial extension of time, which was kindly granted by the Court to the Defendant. Plaintiff, who is represented by professional counsel, however, decided not to request such an extension of time, and thus was not granted an extension. When Mr. Dulac asked Plaintiff's counsel for their written discovery response, which was due on April 24, 2023, Mr. Zlatkin simply stated that he was not going to provide it until June 26, 2023, and, when asked whether he had asked for Court approval, that he had not and the "fact that [Defendant is] going to receive responses from Mr. Oppenheimer [60 days late] is a concession."

To that end, I kindly request that I have an additional 60 days from when Plaintiff submits his written discovery to complete and serve my responses to the written discovery requests. This additional time will give Mr. Dulac time to run the business, as its sole operator, while at the same time finalize the work and time needed to pursue the discharge injunction violations against the Company. Equally importantly, this will enable me to shift back my attention to thoroughly review the requests, gather the necessary information, and provide comprehensive and accurate responses to the best of my ability, while getting the obligations related to the bankruptcy behind me.

As a diligent party to this lawsuit, I understand the importance of complying with discovery obligations and ensure that I am committed to fulfilling them as soon as possible. I would like to assure Your Honor and the opposing party that I am fully committed to the timely and efficient progress of this case. I understand that any delay could cause inconvenience and disrupt the court's schedule, and I apologize for any inconvenience this request may cause. However, I firmly believe that the requested extension is essential to ensure the fair and just resolution of this matter.

At this point, conversations with Plaintiff and Plaintiff's counsel have proved futile, as Plaintiff continues to flaunt the bankruptcy process and creating their own timelines among others issues. Therefore, for Your Honor's review and consideration, I propose an amended timeline of 60 days from the date Plaintiff submits its written request, as the revised deadline for my responses.

I respectfully request that Your Honor grants this extension of time and appreciatively anticipate the court's understanding of my circumstances. I assure Your Honor that I will

diligently work to complete my responses within the extended timeframe and avoid any further delays.

      Thank you for your time and consideration of this matter. I remain available to provide any additional information or documentation that Your Honor may require.

      Respectfully submitted.

/s/ <u>Alexander Dulac, Pro Se</u>
Alexander Dulac
Defendant, Pro Se
Telephone: (646) 621-6269
Email: alex@theplunge.com