THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

David Gordon Oppenheimer,

                Plaintiff,

           v.

First Step Trademarks, LLC and Alexander C. Dulac,

                Defendants.

Case No. 1:21-cv-02961

Dist. Judge Andrea R. Wood

Mag. Judge Jeffrey T. Gilbert

## PLAINTIFF DAVID GORDON OPPENHEIMER'S RESPONSE TO DEFENDANT DULAC'S MOTION FOR EXTENSION OF TIME

Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by his undersigned counsel, respectfully submits this response to Defendant Alexander C. Dulac's ("Dulac") Motion for Extension of Time ("Motion for Extension") [Dkt. 52]. Dulac's status as a *pro se* litigant and Defendant First Step Trademarks, LLC's ("FST") bankruptcy proceedings ("FST's Bankruptcy Proceedings") with the U.S. Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") do not entitle Dulac to flout the deadlines imposed by this Court.[1]

### I.    RELEVANT PROCEDURAL BACKGROUND

On March 9, 2023, the Court issued a scheduling order for discovery. Neither party served Rule 26(a)(1) disclosures by the stated deadline. As a result, on April 18, 2023, the Court issued a

---

[1] Much of Dulac's Motion for Extension centers around allegations that Oppenheimer and Oppenheimer's counsel, Ilya Zlatkin, have willfully violated the discharge injunction imposed by the Bankruptcy Court. Dulac has also filed a motion seeking to have the Court dismiss Dulac (a non-debtor) from this case on the back of FST's Bankruptcy Proceedings. [Dkt. 53]. Dulac's newest bankruptcy-related motion in large part mirrors Dulac's motion to extend FST's automatic stay to himself, [Dkt. 17], which the Court already denied over a year ago. [Dkt. 21]. Oppenheimer and Zlatkin **categorically reject** the allegation that either of them has violated the Bankruptcy Court's discharge injunction (or the automatic stay in effect prior to the Bankruptcy Court's approval of FST's reorganization plan). Oppenheimer intends to address such arguments substantively in response to Dulac's pending motion relating thereto. Because the instant response is specific to discovery, Oppenheimer does not address Dulac's bankruptcy-related arguments herein. Oppenheimer notes, however, that Zlatkin provided FST's counsel with legal citations for why Oppenheimer's and Zlatkin's conduct comports with all requirements, and FST's counsel did not respond to Zlatkin's invitation to provide legal authority to support Dulac's arguments. (*See* Zlatkin Decl., Ex. A.)

minute entry order indicating that the parties must serve their Rule 26(a)(1) disclosures and written discovery requests by April 24, 2023. [Dkt. 43]. This order also required the parties to file a joint status report by June 1, 2023.

Oppenheimer, through his counsel Ilya Zlatkin, proceeded to serve Dulac and FST with Oppenheimer's initial disclosures under Rule 26(a)(1) on April 19, 2023. (Declaration of Ilya G. Zlatkin ("Zlatkin Decl."), Ex. A.) In response to this service, Zlatkin received an email from Ilana Volkov, an attorney representing FST in FST's Bankruptcy Proceedings. Ms. Volkov accused Zlatkin of violating the discharge injunction with respect to FST, threatening to initiate proceedings against Oppenheimer and Zlatkin with the Bankruptcy Court for the alleged violation of the discharge injunction. (*See id.*) In responding to Ms. Volkov and copying Dulac on the correspondence, Zlatkin iterated the Court's April 24, 2023, deadline for issuing written discovery requests. (See *id.*)

In compliance with the Court's order, Zlatkin proceeded to send Oppenheimer's written discovery requests (consisting of interrogatories, requests for production of documents, and requests for admission) on April 24, 2023. Dulac, meanwhile, after serving initial disclosures on April 24, 2023, subsequently emailed to Zlatkin written discovery requests (consisting of interrogatories, requests for production of documents, and requests for admission) on **April 25, 2023**. In addition to being late, Defendants' written discovery requests contained swaths of text copied verbatim from Oppenheimer's written discovery requests.[2]

On May 8, 2023, Dulac reached out to Zlatkin asking whether Zlatkin was open "to push the due date of discovery on both sides." (Zlatkin Decl., Ex. B.) Zlatkin responded on May 11, 2023, asking how long of an extension Dulac was seeking, and reminding Dulac that a status report

---

[2] Dulac does not need to worry about any additional copyright infringement litigation based on his wholesale copying of portions of Oppenheimer's written discovery requests.

was due by June 1, 2023. (*See id.*) After Dulac indicated that he wanted an extension of 60-75

days, Zlatkin responded that Zlatkin was uncomfortable with the length of the requested extension

based on upcoming deadlines for the joint status report. (*See id.*) Contrary to his initial proposal,

Dulac proceeded to submit a request for a <u>unilateral</u> extension, which the Court granted to Dulac

through July 26, 2023. Zlatkin's subsequent question of whether Dulac would be open to

synchronizing response deadlines went unanswered. (Zlatkin Decl., Ex. B.)

On July 17, 2023, Dulac emailed Zlatkin stating that Dulac had "been waiting to receive

[Oppenheimer's] discovery for the past 2 months." (Zlatkin Decl., Ex. C.) Zlatkin responded that

Dulac would receive Oppenheimer's responses by the same deadline as Dulac's. (*See id.*) After

Dulac asked whether the Court permitted the delay, Zlatkin reminded Dulac that Dulac had missed

the deadline to issue written discovery, and termed Oppenheimer's willingness to provide

responses notwithstanding the delayed requests as a "concession." (*See id.*)

On July 25, 2023, Zlatkin emailed Dulac requesting a <u>five-day mutual extension</u> on account

of unexpected health issues that Oppenheimer had experienced. (*See id.*) Not having received a

response, Zlatkin followed up with the same question on July 26, 2023. (*See id.*) Rather than

respond to Zlatkin's request, Dulac proceeded to file the Motion for Extension (along with yet

another motion to dismiss based on FST's Bankruptcy Proceedings). [Dkts. 52–53]. After the

Court clarified that it still expected the parties to file a joint status report regarding discovery by

July 31, 2023, Dulac did not respond to Zlatkin's proposed draft of the status report. Zlatkin

proceeded to file a status report by the deadline solely on Oppenheimer's behalf. [Dkt. 56].

## II.    **ARGUMENT**

In its April 18, 2023, minute order, the Court clearly stated that failure to adhere to the case

management order would cause the late party to be in default and in contempt of the case

3

management order. [Dkt. 43]. Any changes to the scheduling order would require "good cause." *Id*. "The essence of the good cause requirement of Federal Rule of Civil Procedure 16(b)(4) is that Defendants must show they were diligent in seeking the discovery they propose to take . . ." *Maui Jim, Inc. v. Smartbuy Guru Enter.*, No. 16 CV 9788, at *8 (N.D. Ill. Aug. 30, 2019) (GILBERT J.). To the extent that a party may believe that it has good cause, such party must file its motion "before the discovery deadline has passed." *Id*. (summarizing *Naud v. City of Rockford*, No. 09 CV 50074, at *5–6 (N.D. Ill. Aug. 16, 2013)). Dulac did not issue his written discovery requests by April 24, 2023, and he did not file any motion by the deadline alleging any good cause for amendment of the due date. Therefore, Dulac was in default and in contempt of the case management order, forfeiting the right to issue written discovery requests.

Dulac has repeatedly glorified his status as a *pro se* defendant, and he has attempted to use that (along with FST's Bankruptcy Proceedings) as carte blanche to flout his responsibilities. Though the Court may liberally construe *pro se* pleadings, "*pro se* status does not excuse [a party] from complying with procedural rules." *Rodriguez v. Dart*, No. 17 CV 39, at *3 (N.D. Ill. July 17, 2018). Furthermore, Dulac even had the benefit of communicating with FST's bankruptcy attorney in relation to discovery. (*See* Zlatkin Decl., Ex. A.) Specifically, as part of correspondence with FST's bankruptcy counsel Ilana Volkov, Zlatkin emphasized that written discovery requests were due by April 24, 2023. (*See id*.) Zlatkin sent this particular email on April 21, 2023, and Dulac was copied on the correspondence. (*See id*.) Dulac was therefore well aware ahead of time from multiple sources that his written discovery requests were due by April 24, yet Dulac nevertheless failed to issue the discovery requests by the deadline. He also did not submit any pleadings preemptively alleging that there was any good cause to extend the deadline.

As a result, Oppenheimer does not actually have any obligation to respond to Dulac's written discovery requests. *See, e.g.*, *Tapia v. City of Chicago*, 19 CV 01257, at *2 (N.D. Ill. Dec. 13, 2021) ("Discovery requests under Rule 34 served after a discovery cutoff date are barred as untimely."); *Franklin v. Howard Brown Health Ctr.*, No. 17 CV 8376, at *2 (N.D. Ill. May 10, 2018) ("While Fed. R. Civ. P. 29 allows for parties to stipulate to extensions of discovery deadlines, the Rule is not mandatory; <u>a party following the rules and complying with schedules need not accommodate a party that is not</u>.") (emphasis added). Nevertheless, as a sign of good faith, Oppenheimer has indicated to Dulac that Oppenheimer is willing to provide responses. (*See* Zlatkin Decl., Ex. B, Ex. C.). Dulac has not returned this good faith. First, Dulac filed a motion for extension to respond only with respect to himself after requesting a mutual extension from Zlatkin. [Dkt. 49.] Second, Dulac did not acquiesce to a mutual five-day extension on account of Oppenheimer's unexpected health issues. (Zlatkin Decl., Ex. C.) Instead, Dulac has engaged in further dilatory tactics by piling on his meritless motions. He alleges in his Motion for Extension that he "had to shift over a hundred hours" of his attention to work on issues relating to alleged violations of the Bankruptcy Court's discharge injunction. (Motion for Extension, at 1.) Dulac should have devoted that time to actually responding to Oppenheimer's <u>timely</u> written discovery requests.

Further, Dulac does not even ask for a specific date by which he would provide his responses to Oppenheimer's requests. Instead, Dulac wants a staggered deadline, such that Dulac's responses are due sixty days after Oppenheimer's delivery of responses to Dulac's requests. Even setting aside that Dulac has forfeited his right to receive <u>any</u> responses from Oppenheimer, acquiescing to Dulac's request for staggered response deadlines would unduly prejudice Oppenheimer. *See Sarantakis v. Gruttadauria*, No. 02 CV 1609, at *1 (N.D. Ill. Aug. 2, 2002)

("'Undue prejudice' has been defined as 'improper or unfair treatment' amounting to something less than irreparable harm.") (internal quotation marks omitted). Dulac is not the only business owner in this case with commitments and "other things to do." Oppenheimer is a small business owner himself. There are plenty of other tasks that Oppenheimer would rather focus on than responding to written discovery requests to which Dulac is not even entitled. Yet Oppenheimer has willingly indicated that he would provide responses to Dulac on Dulac's deadline. Oppenheimer further understands that being "too busy" is not a persuasive reason for extending discovery deadlines. *See Franklin*, No. 17 CV 8376, at *2 ("The 'I'm too busy to comply' is . . . seldom persuasive.").

Notwithstanding Dulac's forfeiture of his right to issue written discovery requests, Oppenheimer is not seeking to evade providing responses in written discovery. Oppenheimer simply requests that the deadlines for the parties' respective responses are synchronized. To that end, Dulac's Motion for Extension, which would grant Dulac significantly more time to respond to Oppenheimer's written discovery requests, must be denied. Otherwise, such an extension would unduly prejudice Oppenheimer.

August 4, 2023

Respectfully submitted,

/s/Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N. Knox Ave.
Chicago, Il 60641
(312) 809-8022
ilya@zce.law

*Counsel for Plaintiff David Gordon Oppenheimer*