# EXHIBIT A

| | |
|---|---|
| **From:** | Ilya Zlatkin |
| **Sent:** | 4/21/2023 3:43:13 PM |
| **To:** | Ilana Volkov |
| **Cc:** | alex@theplunge.com |
| **Subject:** | Re: FW: 1:21-cv-02961 - Plaintiff's Initial Disclosures |

Ms. Volkov,

Respectfully, no -- we are not trying to "pierce the corporate veil." Our claims against Mr. Dulac are not premised on that theory. Our claims against Mr. Dulac include claims for vicarious copyright infringement and contributory copyright infringement. An element of each of those claims is that there is direct copyright infringement by a third party. FST would be that direct infringer in this instance. But once it is determined that there was direct infringement, those secondary liability claims against Mr. Dulac are independent of any claims against FST. They are against him in his individual capacity, and they do not require any piercing of the corporate veil.

**A declaration that FST infringed upon Mr. Oppenheimer's copyright is not an action against the assets of FST. Furthermore, injunctive relief against FST's use of the photograph is also not an action against FST's assets.  <u>If you have case law to the contrary, then please provide</u>.**

Are you making an appearance on behalf of FST in the ongoing case, and should I be forwarding documents to you? <mark>There is a court-mandated deadline for written discovery on April 24th,</mark> so I intend to send our written discovery requests, at a minimum, to Mr. Dulac, given that he is representing himself pro se, and unlike FST, his monetary obligations have not been discharged. Also, please note that there is a status call scheduled for this upcoming Wednesday, April 26, at 9 A.M. Central.

Again, if you have case law that directly contradicts what I'm saying here, then please provide. But for all of the reasons I have already provided to you, the nature of this continued copyright litigation is not in any way against the Bankruptcy Court's order discharging FST.

Best,
Ilya

On Fri, Apr 21, 2023 at 11:04 AM Ilana Volkov <<u>Ivolkov@mcgrailbensinger.com</u>> wrote:

> Mr. Zlatkin.
>
> Unfortunately, you are mistaken.
>
> It appears you are seeking a determination of whether First Step improperly used your client's photograph in a blog post. It is only if you prove your case against First Step, that you then get to "pierce the corporate veil" and try to hold Mr. Dulac accountable.

Accordingly, the relief you seek in Chicago as against First Step is precisely the relief you should have sought during First Step's bankruptcy case. Your doing so now in Chicago is a clear violation of the discharge injunction.

Please be guided accordingly.

*Ilana Volkov, Esq.*

**McGrail & Bensinger LLP**

888-C Eighth Avenue, #107 | New York, NY 10019

Tel: (201) 931-6910

ivolkov@mcgrailbensinger.com

www.mcgrailbensinger.com

---

**From:** Ilya Zlatkin <ilya@zlatkinwong.com>
**Sent:** Wednesday, April 19, 2023 4:50 PM
**To:** Ilana Volkov <Ivolkov@mcgrailbensinger.com>
**Cc:** alex@theplunge.com
**Subject:** Re: FW: 1:21-cv-02961 - Plaintiff's Initial Disclosures

Ms. Volkov,

The injunction referenced in the Amended Plan of Reorganization, as incorporated through the Bankruptcy Court's order of February 7, 2023, prohibits taking actions "against the assets of the Debtor." In compliance with the injunction, we are no longer seeking monetary damages from FST -- only against Mr. Dulac in his individual capacity. The remedies available to Mr. Oppenheimer, however, also include nonmonetary relief, such as injunctive relief against the use of Mr. Oppenheimer's work. Furthermore, FST's prior infringements of our client's work are relevant for determining Mr. Dulac's own liabilities in this case. As a result, FST's dismissal from the case is not warranted. See *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir.1994) ("Permitting a suit to obtain a declaration of liability against a debtor is not equivalent to authorizing the recovery of a barred claim in a bankruptcy proceeding."); *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) ("debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.").

I trust that this will serve to foreclose any further discussions of any complaints against us for phantom violations of FST's rights.

I am more than happy to forward all subsequent filings and correspondences to you on behalf of FST. Are you indicating that I should do so? Will you be filing an appearance in this case in the Northern District of Illinois?

Best,

Ilya

On Wed, Apr 19, 2023 at 2:57 PM Ilana Volkov <Ivolkov@mcgrailbensinger.com> wrote:

> Hi Mr. Zlatkin.
>
> We represent First Step Trademarks, LLC ("FS").
>
> I believe Mr. Dulac has advised you on numerous occasions of FS's Chapter 11 bankruptcy filing and confirmation of its plan of reorganization ("Plan").
>
> I believe Mr. Dulac also informed you of the post-confirmation injunction set forth in the Plan and order confirming the Plan.
>
> I'm sure you have received these documents from Mr. Dulac, but they are attached here for your ease of reference.
>
> Mr. Dulac sent me this email, which you just "served" on him on behalf of FR. Is there a reason why you have decided to ignore and continue to violate the discharge injunction?
>
> Unless the lawsuit is dismissed against FS immediately, we will have no choice but to file a complaint against you and your client in the Bankruptcy Court, Southern District of New York, for violation of the discharge injunction and will seek all appropriate compensatory and punitive damages.
>
> I hope that will not be necessary.

Thank you.

*Ilana Volkov, Esq.*

**McGrail & Bensinger LLP**

888-C Eighth Avenue, #107 | New York, NY 10019

Tel: (201) 931-6910

ivolkov@mcgrailbensinger.com

www.mcgrailbensinger.com

---

**From:** Alex Dulac <Alex@theplunge.com>
**Sent:** Wednesday, April 19, 2023 3:35 PM
**To:** Ilana Volkov <Ivolkov@mcgrailbensinger.com>
**Subject:** Fwd: 1:21-cv-02961 - Plaintiff's Initial Disclosures


---------- Forwarded message ---------
From: **Ilya Zlatkin** <ilya@zlatkinwong.com>
Date: Wed, Apr 19, 2023 at 2:27 PM
Subject: 1:21-cv-02961 - Plaintiff's Initial Disclosures
To: <alex@theplunge.com>


Hi Alex,

Attached please find Plaintiff David Oppenheimer's initial disclosures under Rule 26(a)(1), including correspondences that were referenced in the complaint but were not included as exhibits.

Best,

Ilya

--

**ILYA G. ZLATKIN**

*Managing Partner*

**ZLATKIN WONG LLP**

4245 N. Knox Ave.

Chicago, IL 60641

**Phone:** 312.809.8022
**Email:** ilya@zlatkinwong.com

--

Alex Dulac
Founder
alex@theplunge.com
646.621.6269
Instagram | Facebook | Twitter

--

**ILYA G. ZLATKIN**

*Managing Partner*

**ZLATKIN WONG LLP**

4245 N. Knox Ave.

Chicago, IL 60641