FILED

8/14/2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEK

# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer, | |
| Plaintiff, | Case No. 1:21-cv-02961 |
| v | Dist. Judge Andrea R. Wood |
| First Step Trademarks, LLC and Alexander C. Dulac | Mag. Judge Jeffrey T. Gilbert |
| Defendants. | |

## DECLARATION OF ALEXANDER C. DULAC

I, Alexander Dulac, of New York City, in New York, declare as follows:

1.      I am a defendant and represent myself, pro se, in connection with the above-captioned lawsuit.

2.      Despite (1) the automatic stay letter sent to the Illinois Court by First Step Trademarks' ("FST") counsel on January 11, 2022 (Exhibit A), (2) Plaintiff receipt of bankruptcy documents, which Plaintiff references and quotes from in his responses to various motions and emails, (3) Section 8.4 of the Amended Plan of Reorganization dated November 21, 2022, that summarized the injunction discharge (Exhibit B), (4) the Motion to Dismiss the case against FST for Plaintiff's violation of the Discharge Injunction that I submitted on March 30, 2023, (5) an email from FST's bankruptcy attorney, Ilana Volkov, on April 19, 2023 regarding Plaintiff's continued violations (Exhibit C), Plaintiff continues to violate the injunction and automatic stay for over one and a half years, causing irreparable damage to myself, FST, its shareholders and its creditors.

1

3.      Initial written discovery requests were submitted by Plaintiff and me on April 24 and April 25, 2023.

4.      On May 8, 2023, I emailed Mr. Zlatkin requesting an extension of time of 60 days.  Mr. Zlatlin offered a two-week extension.    As the sole operator managing the business following the emergence of bankruptcy, I made this request as I am extremely time constrained rebuilding the business, but also because I am not a lawyer, and don't have legal representation, and I have had to spend hundreds of hours researching and writing and responding to motions and other correspondences in this case.   Moreover, Plaintiff's written discovery requests is overwhelming in its size and focused on a Photograph which I was not involved in curating.

5.      On May 19, 2023, I formally requested from the Court the extension of time, which was granted until July 26, 2023 and to me only.

6.      Plaintiff's counsel receives a copy of this extension of time granted to me. Plaintiff does not file a similar request for an extension with the Court.   Instead, Plaintiff's counsel emails me on June 8, 2023, almost two weeks after Plaintiff's written discovery was due, whether Plaintiff can extend their submission of written discovery until July 26, 2023. Plaintiff still does not file an extension request to the Court.

7.      On July 17, 2023, I email Plaintiff's counsel requesting the written discovery, which was almost two months past days past due, as I had not received it by either physical or electronic mail.   Mr. Zlatlin responds that he was going to send written discovery until July 26th, that he had not gotten Court approval and "[t]he fact that you're going to receive responses from Mr. Oppenheimer anyway is a concession."   (Exhibit D)

8.      On July 26, 2023, I requested from the Court that I receive an additional 60 days to respond to the written discovery request.   I requested this additional time, as I continue to rebuild FST and work to timely deliver on the plan of reorganization on behalf of creditors and other stakeholders, while at the same time, I have had to shift time and resources to defends himself, including filing a motion to dismiss for violation of the discharge injunction, and work to protect FST, which Plaintiff has refused to terminate the case against, in violation of the discharge and the automatic stay.   Specifically, I had to spend countless hours over the past couple of months researching and writing the Motion to Dismiss for Plaintiff's Violation of the Discharge Injunction against me, an Indemnified Party, per the 2013 Amended LLC Agreement, in addition to running the business and working on defending FST.


        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


                Respectfully submitted.
                /s/ Alexander Dulac, Pro Se
                Alexander Dulac
                Defendant, Pro Se
                Telephone: (646) 621-6269
                Email: alex.dulac@gmail.com

# EXHIBIT A

# MCGRAIL & BENSINGER LLP

Ilana Volkov
888-C 8th Avenue #107
New York, NY 10019
Ph: (201) 931-6910
IVolkov@mcgrailbensinger.com

January 11, 2022

***VIA REGULAR MAIL***

Hon. Charles R. Norgle, Sr.
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, Illinois 60604

RE: *David G. Oppenheimer v. First Step Trademarks, LLC and Alexander C. Dulac*, Case No. 1:21-cv-02961 (the "Action")

Dear Judge Norgle:

We are proposed bankruptcy counsel for Defendant First Step Trademarks, LLC d/b/a The Plunge (the "Debtor"). On December 31, 2021, the Debtor filed its petition for bankruptcy under chapter 11 of the Bankruptcy Code, a copy of which (as amended) is annexed as Exhibit A. As a result, the Action against the Debtor is stayed pursuant to Section 362(a) of the Bankruptcy Code.

The court's attention to this matter is greatly appreciated.

Respectfully submitted,

McGrail & Bensinger LLP

By: Ilana Volkov

## Exhibit A

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (*if known*): __21-12147__    Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case
number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. Debtor's name | First Step Trademarks, LLC |
| 2. All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business* as names | The Plunge |
| 3. Debtor's federal Employer Identification Number (EIN) | 4 5 - 3 6 7 5 7 6 8 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9 East 8th Street #307 | |
| Number       Street | Number       Street |
| | |
| | P.O. Box |
| New York, NY 10003 | |
| City                    State      ZIP Code | City                    State      ZIP Code |
| | Location of principal assets, if different from principal place of business |
| New York | |
| County | Number       Street |
| | |
| | City                    State      ZIP Code |

5. Debtor's website (URL)

21-12147-jlg    Doc 7    Filed 01/04/22    Entered 01/04/22 17:44:28    Main Document
Pg 2 of 5

Debtor    First Step Trademarks, LLC
     Name                                                     Case number (if known)

---

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. Check one:

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. Check all that apply:

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>8</u>   <u>1</u>   <u>2</u>   <u>9</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Check one:

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply:*

  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ A plan is being filed with this petition.

  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

---

21-12147-jlg   Doc 7   Filed 01/04/22   Entered 01/04/22 17:44:28   Main Document
Pg 3 of 5

Debtor   First Step Trademarks, LLC _____   Case number (if known)_____
                Name

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

           District _____   When _____   Case number _____
                                              MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

■ No

☐ Yes.   Debtor _____   Relationship _____

           District _____   When _____
                                              MM / DD / YYYY

           Case number, if known _____

**11.  Why is the case filed in *this* district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number      Street

                          _____

                          _____
                          City                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

**Statistical and administrative information**

21-12147-jlg   Doc 7   Filed 01/04/22   Entered 01/04/22 17:44:28   Main Document
Pg 4 of 5

| Debtor | First Step Trademarks, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| 13. Debtor's estimation of available funds | Check one: |
|---|---|
| | ■ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. Estimated number of creditors | ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ■ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ■ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/4/2022
　　　　　　　　 MM / DD / YYYY

✗ /s/ Alexander Dulac _____          Alexander Dulac _____
Signature of authorized representative of debtor          Printed name

Title  Managing Director _____

Debtor    First Step Trademarks, LLC            Case number (if known) _____
        Name

**18. Signature of attorney**

✖    /s/ Ilana Volkov            Date    1/4/2022
     Signature of attorney for debtor          MM   / DD / YYYY

Ilana Volkov, Esq.
Printed name

McGrail & Bensinger LLP
Firm name

888-C Eighth Avenue, #107
Number      Street

New York                    NY     10019
City                              State     ZIP Code

(201) 931-6910                ivolkov@mcgrailbensinger.com
Contact phone                        Email address

2500049                        NY
Bar number                       State

# EXHIBIT B

and effect until the Debtor receives the discharge under § 1191.

**8.4     Injunction.**

Effective on the Effective Date, all creditors who have held, hold, or may hold Claims against the Debtor or its assets are enjoined from taking any of the following actions against the assets of the Debtor with respect to such Claims (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtor or the assets of the Debtor; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree or order against the Debtor or its assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or the assets of the Debtor; (iv) asserting any set-off, right of subrogation or recoupment of any kind directly or indirectly against any obligation due the Debtor or its assets; and (v) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

**8.5     Limitation of Liability.**

The Debtor and its members/managing member, the Debtor's Professionals and the Subchapter V Trustee shall have no liability whatsoever for any act or omission in connection with, or arising out of, the pursuit of approval of the Plan, or confirmation of the Plan, or the consummation of the Plan, or the transactions contemplated and effectuated by the Plan or the administration of the Plan or the property to be distributed under the Plan, or any other action or omission related to the administration of the Debtor's estate, or in contemplation of this Chapter 11 case, except for willful misconduct, gross negligence professional malpractice, fraud, or criminal conduct as determined by a Final Order of the Court and, in all respects will be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

18

# EXHIBIT C

Alex Dulac <alex@theplunge.com>

## 1:21-cv-02961 - Plaintiff's Initial Disclosures

**Ilana Volkov** <lvolkov@mcgrailbensinger.com>
To: "ilya@zlatkinwong.com" <ilya@zlatkinwong.com>
Cc: "alex@theplunge.com" <alex@theplunge.com>

Wed, Apr 19, 2023 at 3:56 PM

Hi Mr. Zlatkin.

We represent First Step Trademarks, LLC ("FS").

I believe Mr. Dulac has advised you on numerous occasions of FS's Chapter 11 bankruptcy filing and confirmation of its plan of reorganization ("Plan").

I believe Mr. Dulac also informed you of the post-confirmation injunction set forth in the Plan and order confirming the Plan.

I'm sure you have received these documents from Mr. Dulac, but they are attached here for your ease of reference.

Mr. Dulac sent me this email, which you just "served" on him on behalf of FR. Is there a reason why you have decided to ignore and continue to violate the discharge injunction?

Unless the lawsuit is dismissed against FS immediately, we will have no choice but to file a complaint against you and your client in the Bankruptcy Court, Southern District of New York, for violation of the discharge injunction and will seek all appropriate compensatory and punitive damages.

I hope that will not be necessary.

Thank you.

*Ilana Volkov, Esq.*

**McGrail & Bensinger LLP**

888-C Eighth Avenue, #107 | New York, NY   10019

Tel:  (201) 931-6910

ivolkov@mcgrailbensinger.com

www.mcgrailbensinger.com

[Quoted text hidden]

**5 attachments**

**2023-04-19 Plaintiff's Initial Disclosures - Oppenheimer v. FST + Dulac.pdf**
116K

**2020-05-13 C&D Letter to ThePlunge.pdf**

# EXHIBIT D

Gmail

Alexander Dulac <alex.dulac@gmail.com>

## (no subject)

**Ilya Zlatkin** <ilya@zce.law>
To: Alexander Dulac <alex.dulac@gmail.com>

Mon, Jul 17, 2023 at 12:37 PM

Alex,

I'll remind you that you missed the deadline to issue written discovery. The fact that you're going to receive responses from Mr. Oppenheimer anyway is a concession. You'll receive the responses in nine days, when your own responses are due.

> On Mon, Jul 17, 2023 at 11:31 AM Alexander Dulac < alex.dulac@gmail.com> wrote:
> Did the court permit for that delay?

>> On Mon, Jul 17, 2023 at 12:28 PM Ilya Zlatkin <ilya@zce.law> wrote:
>> Alex,
>>
>> You'll receive Mr. Oppenheimer's responses to your written discovery requests by the same deadline as yours · - July 26th.
>>
>> Best,
>> Ilya
>>
>>> On Mon, Jul 17, 2023 at 11:13 AM Alexander Dulac < alex.dulac@gmail.com> wrote:
>>> Hi Ilya, I have been waiting to receive your written discovery for the past 2 months.  Have you submitted to any place?
>>
>>
>> --
>>
>> **ILYA G. ZLATKIN**
>>
>> *Managing Partner*
>>
>> ***ZLATKIN CANN ENTERTAINMENT***
>>
>> 4245 N. Knox Ave.
>>
>> Chicago, IL 60641
>>
>> **Phone:** 312.809.8022
>> **Email: ilya@zce.law**

--

**ILYA G. ZLATKIN**

*Managing Partner*

***ZLATKIN CANN ENTERTAINMENT***

4245 N. Knox Ave.

Chicago, IL 60641

**Phone:** 312.809.8022
**Email: ilya@zce.law**