THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>First Step Trademarks, LLC and Alexander C. Dulac,<br><br>　　　　　　　　Defendants. | Case No. 1:21-cv-02961<br><br>Dist. Judge Andrea R. Wood<br><br>Mag. Judge Jeffrey T. Gilbert |

## STATUS REPORT

Pursuant to the Court's minute entry dated February 2, 2024, Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff") submits this status report.

On January 26, 2024, Dulac sent to Oppenheimer's counsel a proposed version of the settlement agreement negotiated by the parties ("Settlement Agreement"). The terms of the Settlement Agreement were acceptable to Oppenheimer and Oppenheimer's counsel.

On February 7, 2024, Oppenheimer's counsel set up the Settlement Agreement for e-signatures using a DocuSign integration. Oppenheimer's counsel proceeded to send the Settlement Agreement for electronic signatures by Dulac (in his individual capacity and on behalf of FST), Oppenheimer, and Oppenheimer's counsel. Both Oppenheimer and Oppenheimer's counsel signed the Settlement Agreement on February 7, 2024.

Dulac had a payment obligation under the Settlement Agreement. Dulac satisfied the payment obligation on or around February 22, 2024.

On February 23, 2024, Oppenheimer's counsel sent a proposed draft stipulation of dismissal to Dulac, also requesting that Dulac proceed to sign the Settlement Agreement. Dulac did not respond. Not having received any response from Dulac, Oppenheimer's counsel followed up with Dulac again on February 27, 2024, and March 1, 2024.

On March 4, 2024 (i.e., the same day as the date this status report is being filed), Dulac emailed Oppenheimer's counsel, indicating that Dulac would review the proposed stipulation of dismissal document that same day. Oppenheimer's counsel responded, reminding Dulac that Dulac still needed to sign the Settlement Agreement.

As of the filing of this status report, Dulac has neither signed the Settlement Agreement, nor responded to Oppenheimer's counsel's most recent emails requesting the signing of the Settlement Agreement. Dulac also has not yet approved the proposed stipulation of dismissal.

It is unclear to Oppenheimer or Oppenheimer's counsel why Dulac has not yet signed the Settlement Agreement – the version of which Dulac himself proposed over a month prior. As noted, Dulac has already performed the payment obligation expected of Dulac. Because the Settlement Agreement includes future obligations for the parties in addition to Dulac's payment, however, Oppenheimer and Oppenheimer's counsel expect Dulac to execute the Settlement Agreement before this case is dismissed.

Oppenheimer requests that the Court set a status hearing date, so that there is some mechanism to prompt Dulac to account to the Court for why Dulac has not yet signed the Settlement Agreement, and for why Dulac has been nonresponsive to Oppenheimer's counsel's requests that Dulac actually sign the Settlement Agreement. If Dulac signs the Settlement Agreement and approves of the proposed stipulation of dismissal prior to the hearing date, Oppenheimer's counsel will be happy to file the stipulation to dismiss this case with prejudice.

Dated: March 4, 2024

        Respectfully submitted,

        DAVID GORDON OPPENHEIMER

        By: ____/s/ Ilya G. Zlatkin_____
        ZLATKIN CANN ENTERTAINMENT
        4245 North Knox Avenue
        Chicago, Illinois 60641
        Tel: (312) 809-8022
        ilya@zce.law

        *Attorney for Plaintiff*